UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LITTLE CAESAR ENTERPRISES, INC.
and LC TRADEMARKS, INC.,

      Plaintiffs,

v.                                      Case No. 21-cv-11776
                                        Honorable Linda V. Parker

S&S PIZZA ENTERPRISES, INC.,
SHERYL CLAEYS, and
SUZANNE L. MATTHEWS

      Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION TO AMEND OR CORRECT JUDGMENT

This matter is presently before the Court on a motion to amend or correct the March 14, 2024 Judgment entered against Defendants S & S Pizza Enterprises, Inc. ("S & S"), Sheryl Claeys, and Suzanne L. Matthews (collectively "Defendants"), which Defendants filed on April 11, 2024. (ECF No. 37.) Plaintiffs Little Caesar Enterprises, Inc. and LC Trademarks, Inc. oppose the motion. (ECF No. 38.) Finding that Defendants fail to meet their burden to demonstrate their entitlement to relief, the Court is denying their motion.

### Background

S & S is a former Little Caesar restaurant franchisee, which owned and operated Little Caesar locations under separate franchise agreements. The lawsuit involves two of those franchises: one located in Marysville, Michigan and the

second located in Harrison Township, Michigan. Claeys and Matthews signed the franchise agreements for these locations on behalf of S & S. (*See* ECF No. 27-4; ECF No. 27-5.). As required under the franchise agreements, they also executed personal guarantees. (*See id.*)

Claiming that Defendants breached the parties' agreements, Plaintiffs filed this lawsuit on August 2, 2021, alleging the following claims against Defendants: (I) breach of contract; (II) trademark infringement; (III) unfair competition; and (IV) trade dress infringement. (ECF No. 1.) Defendants, through counsel, answered Plaintiffs' Complaint. (ECF No. 9.) On November 30, 2022, after discovery closed, Plaintiffs filed a motion for partial summary judgment with respect to their breach of contract claim. (ECF No. 27.) Defendants failed to respond to the motion.

On August 24, 2023, the Court entered an opinion and order granting Plaintiffs' motion, finding no genuine issue of material fact that Defendants breached the relevant agreements. (ECF No. 28.) The Court also found no genuine issue of material fact that, pursuant to the agreements, Plaintiffs were entitled to liquidated damages of $128,818.56, costs, and reasonable attorneys' fees. (*Id.*)

Plaintiffs subsequently moved to amend their Complaint to remove all but their breach of contract claim. (ECF No. 30.) Defendants did not respond to this

motion, either.  The Court construed the motion as one to dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2) and granted it on February 22, 2024. (ECF No. 34.)  As this left no claims to resolve, the Court instructed Plaintiffs to file a proposed judgment and supporting documentation for any included attorneys' fees and costs within fourteen days.  (*Id.*)  Plaintiffs thereafter submitted their proposed judgment, which the Court entered on March 14, 2024.  (ECF No. 36.)  In the Judgment, the Court:

- granted Plaintiffs' request for declaratory relief that S & S committed material breaches of the franchise agreements between the parties, giving Plaintiffs good cause to terminate the agreements;

- ordered Defendants and anyone acting in active concert or participation with them to immediately and fully comply with the post-termination obligations in the franchise agreements;

- entered Judgment in favor of Plaintiffs and against Defendants S & S, Claeys, and Matthews, jointly and severally, in the amount of $128,818.56, plus interest, representing the liquidated damages due under the franchise agreements.

(*Id.*)

Defendants, through counsel, now seek to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) or request relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1) or (2).  (ECF No. 37.)  In support of their motion, Defendants assert that Claeys and Matthews discovered previously misplaced documents during the past several weeks suggesting that Matthews was released and discharged from any obligation as a personal

guarantor. Defendants attach these three documents to their motion: two franchise agreements and a document terminating a franchise located in Troy, Michigan. (ECF Nos. 37-2, 37-3, and 37-4.) They attach no evidence, however, supporting their assertion that these documents were only recently discovered.

Defendants further state that "Claeys has suffered from various physical and mental health setbacks over the past several years which made it difficult or impossible to present defenses to Plaintiffs' claims for liquidated damages." (*Id*. at PageID. 392.) These alleged setbacks include anxiety and depression, failed suicide attempts, mild restrictive lung disease, a fall from a bicycle due to dizziness, trace leakage of her mitral, tricuspid, and pulmonic valves, scoliosis, osteoarthritis, white matter changes to her brain, complications from physical therapy causing dizziness, vertigo, and ears ringing, adult onset inattentive ADHD, and sleep apnea. (*Id*. at 398.) Defendants offer no documentation supporting Claeys' asserted mental and physical issues or their assertion that these conditions interfered with their ability to defend this action. Defendants indicate that Claeys' affidavit will be forthcoming (*see* ECF No. 37 at PageID. 398 n.1); however, a month after their motion was filed, no such affidavit has been presented.

Plaintiffs oppose Defendants' motion. (ECF No. 38.)

## Applicable Standards

Motions to alter or amend a judgment pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). The Sixth Circuit's "cases do not offer clear guidance as to what qualifies as 'manifest injustice,' but the plain meaning of those words is instructive." *Bradley J. Delp Revocable Tr. v. MSJMR 2008 Irrevocable Tr.*, 665 F. App'x 514, 530 (6th Cir. 2016) (quoting *Volunteer Energy Servs., Inc. v. Option Energy, LLC*, 579 F. App'x 319, 330-31 (6th Cir. 2014)). *Black's Law Dictionary* defines "manifest injustice" as "'an error in the trial court that is direct, obvious, and observable . . .." *Id.* (quoting *Black's Law Dictionary* 982 (8th ed. 2004)). As one district court has observed, while

> "no general definition of manifest injustice has ever been developed . . . [w]hat is clear from case law, and from a natural reading of the term itself, is that a showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy."

*McDaniel v. Am. Gen. Fin. Services, Inc.*, No. 04-2667, 2007 WL 2084277, at *2 (W.D. Tenn. 2007) (quoting *In re Bunting Bearings Corp.*, 321 B.R. 420, 423 (Bankr. N.D. Ohio 2004)).

"Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could

have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)); *see also Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)) ("A motion under Rule 59(e) is not an opportunity to re-argue a case."). "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *In re J & M Salupo Dev. Co.*, 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008) (quoting *Am. Textile Mfrs. Inst., Inc. v. Limited Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998)).

Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for several reasons. Fed. R. Civ. P. 60(b). Defendants rely on two: "(1) mistake, inadvertence, surprise, or excusable neglect" and "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]" *Id.* "Relief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Moreland v. Robinson*, 813 F.3d 315, 327 (6th Cir. 2016) (quoting *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008)). The party seeking relief under Rule 60(b) bears the burden of establishing

6

the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (internal quotation marks and citations omitted).

"In determining whether relief is appropriate under Rule 60(b)(1), courts consider three factors: (1) culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense. A party seeking relief must first demonstrate a lack of culpability before the court examines the remaining two factors." *Yeschick v. Mineta*, 675 F.3d 622, 628-29 (6th Cir. 2012) (internal quotations marks and citations omitted). "[I]n assessing a claim of excusable neglect, the proper focus is upon whether the neglect of the parties and their counsel was excusable." *Id*. (cleaned up).

To succeed on a Rule 60(b)(2) motion, the moving party must show "(1) that it exercised due diligence in obtaining the information and (2) that the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012) (quoting *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998)). The evidence must have existed at the time of the judgment. *Estate of Hickman v. Moore*, 502 F. App'x 459, 471 (6th Cir. 2012) (citing *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 136 (6th Cir. 1990)).

However, "if [the evidence] was in the possession of the party before the judgment was rendered it is not newly discovered and does not entitle the party to relief." 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2859 (3d ed. 2023); *see also HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 615 (6th Cir. 2012) (holding that the plaintiff's evidence was not newly discovered because it was publicly available prior to the district court's judgment).

## Analysis

Defendants' documents do not constitute "newly discovered" evidence. They were in Claeys' and/or Matthews' possession before the Judgment was entered. And while Defendants assert the documents were "misplaced"—notably without a sworn statement or other evidence in support—nothing prevented them from requesting the documents from Plaintiffs in discovery. In any event, the documents do not demonstrate that Matthews was released and discharged from the franchise and guarantee agreements at issue in this lawsuit.

The first two documents are a franchise agreement and guarantee for the Marysville franchise. (*See* ECF Nos. 37-2 at PageID. 415-16, ECF No. 37-3.) However, when those agreements expired in 2016, they were replaced with the franchise agreement and guarantee this Court considered when granting partial summary judgment to Plaintiffs, which were signed by Claeys and Matthews. (*See* ECF No. 27-4.) The third document is titled Franchise Termination and Surrender

8

Agreement and Release. (ECF No. 37-4.) Yet, it relates to a different franchisee and a franchise location different than those at issue in this lawsuit. (*See id.*)

With respect to Claeys' asserted mental and physical challenges, again, Defendants fail to offer an affidavit or other evidence supporting their assertions. And, again, it is their burden to establish a ground for relief "by clear and convincing *evidence*." *Info-Hold*, 538 F.3d at 454 (emphasis added). Nevertheless, those challenges are not new evidence for purposes of Rule 60(b)(2), and they do not support relief under Rule 60(b)(1), *see DirecTV, Inc. v. Turk*, 282 F. App'x 382, 386 (6th Cir. 2008) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 394 (1993)) (holding that the "excusable neglect" standard in Rule 60(b)(1) applies only to situations attributable to negligence, not those beyond a party's control). Even if the Court looked to Rule 60(b)(6), it would not find that Defendants demonstrate their entitlement to relief. They fail to explain how Claeys' mental or health challenges prevented Matthews and their counsel from defending this action. Moreover, Defendants fail to explain why these conditions were not brought to the Court's attention before Judgment was entered against them.

For these reasons, the Court concludes that Defendants are not entitled to relief under Rule 59(e) or Rule 60(b). Their motion (ECF No. 37) is **DENIED**.

**SO ORDERED.**

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: May 17, 2024